**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| OSAMA SHEIKA, : | |
| : | |
| Petitioner, : | Civil No. 06-2331 (JLL) |
| : | |
| v. : | |
| : | |
| U.S. BUREAU OF PRISONS, : | **O P I N I O N** |
| et al., : | |
| : | |
| Respondents. : | |

**APPEARANCES:**

Osama Sheika, Pro Se
#509958
Northern State Prison
168 Frontage Road, P.O. Box 2300
Newark, NJ 07114

Susan J. Steele
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102

**LINARES,** District Judge

Petitioner, Osama Sheika, has submitted to the Court the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, and application for counsel. The respondents have filed an Answer. For the reasons set forth below, the petition will be denied, and the application for counsel dismissed as moot.

**BACKGROUND**

On December 7, 2004, Petitioner was sentenced in this District Court to an 18-month term of imprisonment, with three years of supervision, for conspiracy to commit theft of an interstate shipment, contrary to 18 U.S.C. § 371.  The sentencing order issued by this Court was silent as to whether this federal sentence was to run concurrently or consecutively to the yet-to-be-imposed state sentence.

On December 17, 2004, about ten days after his federal sentence was imposed, Petitioner was sentenced in New Jersey state court to a term of imprisonment of four to eight years after pleading guilty to conspiracy to carjack and rob.  The state sentencing judge ordered that: "Said sentence to run concurrent with sentence presently being served on [Petitioner's federal conviction]."

Petitioner, who is currently housed in state prison, argues that his federal judgment directs that he be turned over to the custody of the United States Bureau of Prisons ("BOP"); however, the United States Marshal Service has refused to transfer him to the BOP.  Petitioner submits a letter from the Marshal Service stating that they would not take custody of him until he completes his New Jersey sentence, or is paroled by New Jersey. The letter further advises that: "[The state sentencing judge] running your NJ state sentence concurrent to your federal

sentence does not mandate that the Federal Bureau of Prisons has to take you into federal custody." Based on the fact that the Marshals refused to take him into custody, Petitioner contends he should be given credit for time spent in state custody towards his federal sentence.

Petitioner further argues that because he should be given federal credit while in state prison from the time of his federal sentence on December 7, 2004, his 18-month federal sentence has since expired, and a detainer lodged by the Marshal Service on file with his current prison should be removed. Petitioner notes that he is being denied programs, custody/status changes, rehabilitative programs, transfer into half-way houses, and other programs due to the detainer.

Respondents counter that the BOP has reviewed the Petition as a request for nunc pro tunc designation, pursuant to BOP Program Statement 5160.05, and is inclined to deny nunc pro tunc status. The BOP based that decision on the fact that this District Court did not recommend whether or not the sentence should run concurrently or consecutively to the yet-imposed state sentence, and that the Assistant United States Attorney handling the case, who consulted with Petitioner's defense counsel, "held no discussions" concerning the sentence running concurrently to the state sentence. Thus, the BOP asserts that the federal

3

sentence will commence upon Petitioner's release from state custody, unless this Court indicates a different intent.

On January 18, 2007, Petitioner submitted a letter to this Court in his criminal docket.  See United States v. Sheika, 04-417 (JLL)(docket entry 10).  Petitioner asked this Court to resolve the sentencing issue of whether his federal and state sentences were intended to run concurrently.

On February 7, 2007, this Court issued a Letter Order in Petitioner's criminal case advising Petitioner, in relevant part:

> The Court has reviewed your correspondence, and all materials attached thereto, and has reviewed the transcript of the sentence imposed by this Court.  Additionally, the Court has reviewed both the presentence report and your plea letter agreement, as well as contacted the United States Attorney's Office.  However, the Court finds no evidence to support your claim that any involved parties contemplated your federal sentence to run concurrent to your subsequently imposed state sentence.  Accordingly, this Court finds that it is without basis to consider this request.

See United States v. Sheika, 04-417 (JLL)(docket entry 11).

## DISCUSSION

### A. Standard of Review

A writ of habeas corpus shall not extend to a prisoner unless he is in custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520

(1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**C.   The Petition Will Be Denied.**

Title 18 of the United States Code, section 3584(a), states:

> **a) Imposition of concurrent or consecutive terms.**--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. <u>Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.</u>

18 U.S.C. § 3584(a)(emphasis added).

In this case, multiple terms of imprisonment were not imposed upon Petitioner at the same time. The circuits are split as to whether the presumption of consecutive terms of imprisonment applies to state sentences imposed after the federal sentence. The respondent notes that BOP Program Statement

5

5160.05 was written to give guidance to the courts on this issue.[1]

---

[1] Program Statement 5160.05 states, in relevant part:

**(3) PROGRAM OBJECTIVES.** The expected results of this program are:

(a) State institutions will be designated for concurrent service of a federal sentence when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system.

\*\*\*

**(9) CONCURRENT SERVICE OF FEDERAL AND STATE SENTENCES**

(a) Concurrent service of federal and non-federal sentences in a non-federal institution occurs when the Bureau designates a non-federal institution for service of the federal sentence. Ordinarily, the reason for selecting the non-federal institution is that the primary custody resided with the non-federal jurisdiction and the federal sentencing court intended its sentence be served concurrently with the non-federal sentence.

(b) When an inmate is sentenced in both federal and state jurisdictions, care must be taken to ensure that he or she is suitable for federal designation. Normally, designating a non-federal institution for the inmate is done when it is consistent with the federal sentencing court's intent. Ordinarily, this intent is made known in one of the following ways:

  (1) **Court Order.** The sentencing court orders, on the Judgment and Commitment Order or the Judgment in a Criminal Case (J&C), that the federal sentence be served concurrently with a state sentence.
  \*\*\*
  (2) **Court Recommendation of Non-Federal Confinement.** The sentencing court recommends a non-federal institution as the place of confinement on the J&C.
  \*\*\*
  (3) **Concurrent Service of Sentence After Imposition.** The court may, from time to time, order concurrent service of the federal sentence at some time after its imposition.

        ***
- (4) **Inmate Request.** Occasionally, an inmate may request a nunc pro tunc (i.e., occurring now as though it had occurred in the past) designation. As a result of the decision in <u>Barden v. Keohane</u>, 921 F.2d 476 (3d Cir. 1990), the Bureau considers an inmate's request for pre-sentence credit toward a federal sentence for time spent in service of a state sentence as a request for a nunc pro tunc designation.
  - (a) In <u>Barden</u>, the court held that the Bureau must consider an inmate's request for concurrent service of the state and federal sentences.
    - * However, there is no obligation under <u>Barden</u> for the Bureau to grant the request by designating a state institution retroactively as the place to serve the federal sentence.
  - (b) This type of request will be considered regardless of whether the inmate is physically located in either a federal or state institution. Information will be gathered, if available, to include:
    - * a copy of the federal and state J&Cs,
    - * the state sentence data record to include jail credits, and
    - * any other pertinent information relating to the federal and state sentences.
  - (c) In making the determination, if a designation for concurrent service may be appropriate (e.g., the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term), the RISA will send a letter to the sentencing court (either the Chambers of the Judge, U.S. Attorney's Office, and/or U.S. Probation Office, as appropriate) inquiring whether the court has any objections. Regardless of where the original inquiry is directed, the U.S. Attorney's Office and U.S. Probation Office will receive a courtesy copy.
  - (d) If, after 60 days, a response is not received from the sentencing court, the RISA will

>                     address the issue with the Regional Counsel
>                     and a decision will be made regarding
>                     concurrency.
>           (e)   No letter need be written if it is determined
>                 that a concurrent designation is not
>                 appropriate.  If the court has indicated
>                 previously that its language on judgments is
>                 sufficient for designation of a state
>                 institution for service of the federal
>                 sentence, then no further letters need be
>                 written.
>     When the original sentencing judge is no longer
>     available and the assigned judge offers no
>     opinion, the RISA will make a determination based
>     on the particular merits of the case . . . The
>     RISA will notify the inmate of the decision in
>     writing and place a copy of this notification in
>     the J&C file.
>           (f)   The Bureau will not allow a concurrent
>                 designation if the sentencing court has
>                 already made a determination regarding the
>                 order of service of sentence (e.g., the
>                 federal sentencing court ordered the sentence
>                 to run consecutively to any other sentence,
>                 or custody in operation, during any time in
>                 which the inmate requests concurrent
>                 designation).
>
>     (5)   **State Request.**  Occasionally, a Regional Office
>           receives a request from a state jurisdiction
>           indicating that the state and federal sentences
>           are to be served concurrently, whether by state
>           court order or department of corrections referral.
>           (a)   The RISA will gather and review all
>                 information pertaining to the federal and
>                 state sentences.  After reviewing this
>                 information carefully, if necessary, the RISA
>                 will correspond with the federal sentencing
>                 court to ascertain whether it has any
>                 objections to the federal and state sentences
>                 running concurrently.        . . .

The Program Statement orders that the intent of the sentencing judge be examined to determine whether or not concurrent service of a federal and non-federal sentence is appropriate. See P.S. 5160.05 (9)(a), (b). The federal sentencing judge's intent is ascertained by examining the sentencing court's order and recommendations. Further, an inmate may request nunc pro tunc designation, or the state may request that a state sentence be served concurrently to a federal sentence. See P.S. 5160.05 (9)(b)(4), (5).

In the instant case, the inmate was considered for nunc pro tunc designation. In accordance with the Program Statement, the BOP reached out to the United States Attorney's Office requesting clarification as to the court's intent at the time of sentencing with regard to concurrency of the petitioner's sentences. The Assistant United States Attorney consulted with Petitioner's defense counsel, and relayed that "no discussions" regarding concurrency of sentences were held.

Furthermore, this Court, which was also the sentencing court, has reviewed all relevant evidence and concluded that there was no basis to run Petitioner's sentences concurrently, as set forth in this Court's February 7, 2007 Letter Order. Thus, in this case, this Court has clearly denied Petitioner's request for concurrent sentences.

The designation of a state institution for service of a federal sentence must be consistent with the intent of the federal sentencing court, or consistent with the goals of the criminal justice system.  See P.S. 5160.05(3)(a).

In Barden v. Keohane, the petitioner was sentenced to a twenty-year term of imprisonment for bank robbery.  However, before serving his federal sentence, he had served more than ten years on state sentences in state custody, which the state sentencing court intended to run concurrently with his federal sentence.  921 F.2d 476, 477 (3d Cir. 1991).  The Government argued that the fact that the state court ordered the sentences to run concurrently was "immaterial."  See id. at 478.  However, the Court of Appeals for the Third Circuit held that the federal government has the statutory authority to make the nunc pro tunc designation that the petitioner desired; that is, the BOP erred in concluding that it lacked discretion to consider the inmate's request for concurrency of his sentences when the federal sentencing court was silent.  See id.  The circuit court further held that the Bureau of Prisons has an obligation to look at the case and exercise discretion to decide whether the state prison should be designated as a place of federal confinement nunc pro tunc.  See id.

In United States v. Randolph, the Court of Appeals for the Third Circuit noted the split between the circuits as to whether

10

a district court can order a federal sentence to run consecutively to a state sentence not yet imposed. 80 Fed. Appx. 190, 2003 WL 22596104 (3d Cir. Oct. 20, 2003). The Sixth, Seventh, and Ninth Circuits have held that the district court may not order a federal sentence to run consecutively to a future state sentence, while the Fifth, Tenth, and Eleventh Circuits have held that a district court may so order consecutive sentences. See Randolph, 80 Fed. Appx. at 193-94 (citations omitted). The Third Circuit found that the last sentence of § 3584(a) requires that sentences be served consecutively if the federal court does not address the issue, "as they unquestionably [are] multiple terms of imprisonment imposed at different times . . . ." See id. at 195. The court held that a petitioner "in Randolph's position must serve his state and federal terms of imprisonment consecutively unless he can convince the Bureau of Prisons to designate the state prison as 'the official detention facility at which the sentence is to be served.'" Id. at 196

(citing 18 U.S.C. § 3585(a); 18 U.S.C. § 3621(b)[2]; Barden, 921 F.2d at 481-84)(other citation omitted).

The BOP has reviewed petitioner's request for nunc pro tunc designation and states that it is "inclined to deny" it, in accordance with the discretion it is given under § 3621(b) to designate the place of the prisoner's imprisonment. Therefore, "any further review of the Bureau's action will be limited to abuse of discretion." Barden, 921 F.2d at 478. Further, "such a designation by the BOP is plainly and unmistakably within the

---

[2] 18 U.S.C. § 3621(b) states, in relevant part:

**Place of imprisonment.**--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, *whether maintained by the Federal Government or otherwise* and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
**(1)** the resources of the facility contemplated;
**(2)** the nature and circumstances of the offense;
**(3)** the history and characteristics of the prisoner;
**(4)** any statement by the court that imposed the sentence--
**(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
**(B)** recommending a type of penal or correctional facility as appropriate; and
**(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

(Emphasis added).

BOP's discretion and [the court] cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy." Taylor v. Sawyer, 284 F.3d 1143, 1149 (9th Cir. 2002)(citing McCarthy v. Doe, 146 F.3d 118, 123 (2d Cir. 1998); Barden, 921 F.2d at 478).

In the instant case, the Court finds that the BOP would not abuse its discretion in denying petitioner's request for nunc pro tunc designation.  This Court's intent in sentencing Petitioner, as evidenced by the Letter Order of February 7, 2007, demonstrates that this Court does not object to the federal sentence running consecutively to the subsequently-imposed state sentence.

It was also not an abuse of discretion for the BOP to refuse to adhere to the state sentencing order requesting concurrency. As the Ninth Circuit has noted:

> Moreover, concurrent sentences imposed by state judges are nothing more than recommendations to federal officials.  Those officials remain free to turn those concurrent sentences into consecutive sentences by refusing to accept the state prisoner until the completion of the state sentence and refusing to credit the time the prisoner spent in state custody.

Del Guzzi v. United States, 980 F.2d 1269, 1272-73 (9th Cir. 1992); see also McCarthy v. Doe, 146 F.3d 118, 120-21 (2d Cir. 1998); Hawley v. United States, 898 F.2d 1513 (11th Cir. 1990). In this case, the state court's order that the state sentences

run concurrently to Petitioner's federal sentence is not binding on the federal court, or on the BOP.

## **CONCLUSION**

Based on the foregoing, the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is hereby denied. An appropriate Order accompanies this Opinion.


                                           /s/ Jose L. Linares
                                         United States District Judge

DATED: February 20, 2007